UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAMMY GAYLE LAMAY-BATTEESE, | Civil Action No.: 20-11397<br>Honorable Robert H. Cleland<br>Magistrate Judge Elizabeth A. Stafford |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 14, 18]**

Plaintiff Tammy Gayle Lamay-Batteese appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). The Court **RECOMMENDS** that

- Lamay-Batteese's motion, ECF No. 18, be **GRANTED**;
- the Commissioner's motion, ECF No. 14, be **DENIED**; and
- the matter be **REMANDED** under sentence four of 42 U.S.C.

§ 405(g) for further consideration consistent with this report and recommendation.

## I.     BACKGROUND

### A.     Lamay-Batteese's Background and Disability Applications

Born in April 1966, Lamay-Batteese was 51 years old on the alleged disability onset date of October 23, 2017.  ECF No. 9, PageID.119, 126.  She had past relevant work as a "retail manager owner/operator" and painter.  *Id*., PageID.126.  Lamay-Batteese claimed disability from degenerative disc disease and pinched nerve in her neck, osteoarthritis in her knees, high blood pressure, carpel tunnel syndrome in both hands, and migraine headaches.  *Id.*, PageID.121, 161.

After a hearing, during which Lamay-Batteese and a vocational expert (VE) testified, the ALJ found Lamay-Batteese not disabled.  *Id.*, PageID.117-128, 133-159.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  *Id.*, PageID.47-50.  Lamay-Batteese timely filed for judicial review.  ECF No. 1.

### B.     The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Lamay-Batteese was not disabled. At the first step, she found that Lamay-Batteese had not engaged in substantial gainful activity since the alleged onset date of October 23, 2017. ECF No. 9, PageID.119. At the second step, she found that Lamay-Batteese had the severe impairments of degenerative disc disease, bilateral carpel tunnel syndrome, right shoulder impairment, and osteoarthritis of the knees. *Id*. The ALJ found that Lamay-Batteese's hypertension and asthma were nonsevere impairments. *Id.*, PageID.119-120. Next, she concluded that none of Lamay-Batteese's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.120.

Between the third and fourth steps, the ALJ found that Lamay-Batteese had the RFC to perform light work, except that she

> can frequently climb ramps and stairs; occasionally climb ladders, ropes or scaffolds; no work in vibration; she can perform frequent bilateral handling and fingering; no overhead reaching bilaterally; occasional foot controls bilaterally; and she must be allowed a sit/stand option in which she can sit and stand alternatively every thirty minutes throughout the day.

*Id.*, PageID.121. At step four, the ALJ found that Lamay-Batteese could not perform her past relevant work as a "retail manager owner/operator" or

4

painter. *Id.*, PageID.126. At the final step, after considering Lamay-Batteese's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs in significant numbers that Lamay-Batteese could perform, including positions as cashier, administrative support clerk, and sorter. *Id.*, PageID.127.

## II. ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Lamay-Batteese argues the ALJ erred in not properly 1) considering evidence of her migraine headaches; 2) crafting an RFC supported by

substantial evidence; and 3) including all of Lamay-Batteese's limitations within the hypothetical for the VE. ECF No. 18. The Court agrees with Lamay-Batteese that remand for a new hearing is warranted because the record does not sufficiently show that the ALJ evaluated the effects of Lamay-Batteese's migraine headaches on her RFC.

**B.**

An ALJ must consider as a threshold matter whether a claimant has a severe impairment. 20 C.F.R. §404.1520(a)(4). A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." § 404.1520(c). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citations omitted).

Lamay-Batteese unambiguously cited migraine headaches as a severe impairment that caused her to be disabled. She testified at the hearing that she has headaches nearly every day and that they develop into migraines two to three times a week. ECF No. 9. PageID.141-142. Lamay-Batteese said that her migraines are severe enough to cause her to vomit about twice a month. *Id*. She testified that, to treat her migraine

6

headaches, she took butalbital several times a day and Flexeril every night. *Id*. at 142.  Lamay-Batteese took hydrocodone when her migraines were severe and would go to her doctor for Toradol shots when they were so severe that she began vomiting.  *Id*.  She claimed that her migraines were triggered by overworking, too much activity, noise, bright lights, watching television, and using computer screens.  *Id*., PageID.142, 145.  Lamay-Batteese said that the migraine headaches and medication both caused lightheadedness and that she had to rest often when she has migraines. *Id*., PageID.143, 145.  She testified that she closed a store she owned in part because "with the migraines I couldn't get up and find myself running it every day."  *Id*., PageID.140.

Lamay-Batteese's testimony about her migraine headaches was buttressed by the medical records.  Lamay-Batteese's treating physician, Kevin Snyder D.O., noted in October and November 2017 that she had migraine headaches after she fell and hit her head on a deck, sustaining an acute concussion.  *Id*., PageID.437-443.  He described Lamay-Batteese as having persistent migraine headaches with repetitive activity in February 2018.  *Id*., PageID.434-443.  Dr. Snyder prescribed butalbital, cyclobenzaprine, and hydrocodone-acetaminophen for her migraine headaches and administered ketorolac tromethamine injections for her

7

headaches in December 2018 and February 2019.  *Id.*, PageID.434-443, 608-609.  Physical therapy notes in January 2018 also reflect her complaints of migraines with light sensitivity.  ECF No. 9, PageID.408, 414.

The ALJ described Lamay-Batteese's testimony and the medical records about her migraine headaches.  ECF No. 9, PageID.121-124.  But the ALJ did not address at step two whether Lamay-Batteese's migraine headaches constituted an impairment, either severe or nonsevere.  *Id.*, PageID.119-120.  The Commissioner argues that the ALJ committed no error because "[a]n erroneous finding of nonseverity at step two is [ ] harmless where the ALJ properly considers nonsevere impairments at later steps."  *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020). And an ALJ need not explicitly refer to the nonsevere impairment in assessing the claimant's RFC.  *Id.* (citing 20 C.F.R. § 416.945(e) and Social Security Ruling (SSR) 96-8p).  Rejecting the plaintiff's claim of error, the court in *Emard* held, "The ALJ's express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis, fully support our conclusion that the ALJ complied with 20 C.F.R. § 416.945(e) and SSR 96-8p."  *Id*.

8

The Court finds that the ALJ here did commit reversible error.  First, courts have interpreted *Emard* as requiring an ALJ to explicitly discuss the *functional limitations* stemming from nonsevere impairments supported by the medical evidence.  For example, in *Booth v. Saul*, this Court found that the ALJ erred by not addressing the evidence that the plaintiff had to elevate her legs because of chronic venous insufficiency, which the ALJ found nonsevere.  19-10824, 2020 WL 5522987, at *2-3 (E.D. Mich. Aug. 20, 2020), *adopted,* 2020 WL 5514183 (E.D. Mich. Sept. 14, 2020).  In *Buzzo v. Saul*, the plaintiff testified that her migraine headaches were disabling, but the ALJ found her migraines nonsevere.  2021 WL 932020, at *8 (E.D. Tenn. March 11, 2021).  The court found that the ALJ committed reversible error by failing to either assess limitations from the plaintiff's migraines or explain why the plaintiff needed no migraine-related limitations.

> Critically, the ALJ in the present case failed to 'expressly' discuss his findings on any functional limitations stemming from Plaintiff's migraine headaches. The ALJ failed to assess any limitations as a result of Plaintiff's migraines, as well as failed to detail why he found that no limitations were applicable or did not impact Plaintiff's ability to perform work-related activities.

*Id.* (citation omitted).

The ALJ here likewise failed to address or include any limitations from Lamay-Batteese's migraine headaches in the RFC.  ECF No. 9,

9

PageID.126. In contrast, the ALJ detailed in a summary paragraph how the assessed RFC accommodated Lamay-Batteese's degenerative disc disease, right shoulder impairment, arthritic knees, and bilateral carpal tunnel syndrome. *Id*. Mirroring the error found in *Buzzo*, the ALJ did not explain why she omitted any functional limitations for Lamay-Batteese's migraine headaches in her analysis.

And there is more reason in this case than in Buzzo to doubt that the ALJ sufficiently considered Lamay-Batteese's migraine-related functional limitations. Unlike *Emard*, *Booth*, or *Buzzo*, which addressed impairments identified as nonsevere, the ALJ below did not conclude that Lamay-Batteese's migraine headaches caused *any* impairment. ECF No. 9, PageID.119-120. The ALJ noted her obligation to consider nonsevere impairments under SSR 96-8p. *Id*., PageID.118. But since the ALJ did not find Lamay-Batteese's migraines to be an impairment at all, the ALJ's reference to SSR 96-8 did not signal that she considered Lamay-Batteese's migraine headaches when assessing her RFC.

In *Friscone-Repasky v. Comm'r of Soc. Sec.*, the court found reversible error when the ALJ similarly did not describe the plaintiff's migraine headaches as an impairment, severe or nonsevere. No. 1:19 CV 2526, 2020 WL 6273933, *7 (N.D. Ohio Oct. 26, 2020). *Friscone-Repasky*

10

has one material distinction; the ALJ in that case failed to mention the word "migraine" anywhere in the decision except when describing the plaintiff's claims. *Id.* at *7. The ALJ here did describe Lamay-Batteese's testimony and evidence about her migraine headaches. ECF No. 9, PageID.121-124. But the ALJ gave no indication of whether or why she rejected Lamay-Batteese's testimony that her migraine headaches caused any impairment. As noted in *Friscone-Repasky*, "the regulations require the ALJ to evaluate a claimant's symptoms, and the explanation must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" 2020 WL 6273933 at *7 (quoting *Rogers*, 486 F.3d at 248).

The Commissioner notes that the ALJ found persuasive the state agency physician's opinion that Lamay-Batteese could perform light work. ECF No. 14, PageID.753. Thus, according to the Commissioner, the ALJ did not have to mention Lamay-Batteese's migraine headaches as an impairment. *Id.* (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010)). *Bledsoe* and *Coldiron* addressed allegations that ALJs failed to sufficiently address the effects of obesity on other severe impairments under Social Security Ruling 02-1p. *Bledsoe*, 165 F. App'x at 412;

11

*Coldiron* 391 F. App'x at 443. Neither of those opinions supports the Commission's argument that the state agency opinion absolved the ALJ of her duty to consider all impairments when rendering an RFC. *See Coldiron,* 391 F. App'x at 439 ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."); *Friscone-Repasky*, 2020 WL 6273933 at *7 (same). And the state agency physician "did not have—and therefore did not consider—Plaintiff's testimony regarding her migraines and their effect on her work." *Friscone-Repasky*, 2020 WL 6273933 at *7.

The ALJ's silence on Lamay-Batteese's migraine headaches at both step two and in her discussion of the functional limitations stemming from her various impairments warrants remand for the ALJ to sufficiently address how much Lamay-Batteese's migraine headaches affect her ability to work. On remand, further development and clarification of the functional limitations caused by Lamay-Batteese's migraines will require reevaluation of the RFC and VE hypothetical.

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Lamay-Batteese's motion [ECF No. 18] be **GRANTED**; that the Commissioner's motion [ECF No. 14] be **DENIED**; and that this matter be **REMANDED** for

further consideration under sentence four of 42 U.S.C. § 405(g).

Dated: July 13, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

13

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
